**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JON CHRISTOPHER STOUNE,

    Petitioner,

vs.                                Case No.:    3:17-cv-997-J-34PDB
                                                               3:15-cr-89-J-34PDB

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Jon Christopher Stoune's "Motion to Temporarily Stay the Proceedings." (Civ. Doc. 5, Motion to Stay).[1] Stoune advises that he filed the § 2255 motion while his direct appeal was still pending, and thus before the one-year statute of limitations for filing a § 2255 motion had begun to run.[2] Therefore, he asks that the Court stay the § 2255 proceedings until his direct appeal has concluded, so that he may have time to research the record and develop any other claims. Stoune indicates that he would then like to amend the § 2255 motion to add such new claims.

The record reflects that on May 31, 2017, the Eleventh Circuit affirmed Stoune's conviction and sentence (Crim. Doc. 99, USCA Opinion), and it issued the mandate on June 29, 2017 (Crim. Doc. 100, USCA Mandate). On August 22, 2017, Stoune filed the instant § 2255 motion. (See Civ. Doc. 1 at 21). However, it appears from the Eleventh

---

[1]     Citations to the docket in the underlying criminal case, United States vs. Jon Christopher Stoune, Case No. 3:15-cr-89-J-34PDB, will be denoted as "Crim. Doc. __." Citations to the docket in the instant § 2255 case, Case No. 3:17-cv-997-J-34PDB, will be denoted as "Civ. Doc. __."

[2]     See 28 U.S.C. § 2255(f)(1).

1

Circuit's docket (No. 16-15858) that Stoune filed a petition for writ of certiorari on June 16, 2017. Thus, Stoune's cert petition was pending – and direct review had not concluded – when he filed the § 2255 motion. On October 2, 2017, however, the United States Supreme Court denied Stoune's request for certiorari review (Crim. Doc. 107), bringing his direct appeal to a close.

Although the Supreme Court has now denied Stoune's petition for writ of certiorari, "[t]he appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice." Blair v. United States, 527 F. App'x 838, 839 (11th Cir. 2013) (citing United States v. Dunham, 240 F.3d 1328, 1330 (11th Cir. 2001)). Because Stoune has one year from the denial of certiorari review to file a timely § 2255 motion, Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001), the Court concludes that the best course of action is to dismiss the instant § 2255 motion without prejudice. Doing so will allow Stoune ample time to research the record and any possible claims, and then to file a single motion to vacate. Accordingly, it is hereby

**ORDERED:**

1. Petitioner Jon Christopher Stoune's Motion to Stay (Civ. Doc. 5) is **DENIED**.
2. Stoune's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DISMISSED WITHOUT PREJUDICE**. Stoune may re-file a motion to vacate raising any available claims no later than **October 2, 2018**.
3. The Court **TERMINATES** all deadlines and **VACATES** the prior Order directing

the United States to respond (Civ. Doc. 4).

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies to:

Counsel of record

Pro se petitioner

3